86 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Karl H. HANSSON, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 96-3072.
 United States Court of Appeals, Federal Circuit.
 May 14, 1996.
 
 Before MICHEL, CJ., NIES, Sr. CJ., and BRYSON, CJ.
 PER CURIAM.
 
 DECISION
 
 1
 Karl H. Hansson petitions for review of the decision of the Merit Systems Protection Board, Docket No. BN-0752-93-0120-C-5, denying his petition to enforce a settlement agreement with the Department of the Navy. Because the evidence the Navy introduced to show compliance with the settlement agreement was insufficient to satisfy its obligations under the applicable regulation, we vacate and remand.
 
 BACKGROUND
 
 2
 In March 1993, the Navy discharged Hansson from federal service for being absent without leave. Hansson appealed his removal to the Merit Systems Protection Board. Before that appeal was resolved, the parties entered into a settlement agreement. The settlement agreement provided that Hansson would withdraw his appeal to the Board. For its part, the Navy agreed "to expunge from all personnel files any record of removal or disciplinary action," and agreed that Hansson's "Official Personnel File shall reflect that [Hansson] resigned for medical reasons on the advice of his physician." The Board then dismissed Hansson's appeal and entered the settlement agreement into the record for enforcement purposes.
 
 
 3
 Hansson has filed several petitions with the Board for enforcement of the settlement agreement. In the petition that is the subject of this appeal, Hansson claimed that the Navy had retained records of his removal in its personnel files, had used those retained records to harass him in various ways, and had violated state and federal law by refusing to transfer his personnel files to a government records center. The Navy's failure to transfer his personnel files, Hansson argued, prevented him from verifying that the Navy had amended those files in accordance with the agreement.
 
 
 4
 In response, the Navy asserted that it was in full compliance with the agreement and had retained records of his removal simply to enable it respond to actions that Hansson had filed, including petitions for enforcement of the settlement agreement. Based on the Navy's representation, the Board concluded that Hansson had not met his burden of showing that the Navy was not in compliance with the settlement agreement.
 
 DISCUSSION
 
 5
 On appeal, Hansson argues, inter alia, that the Navy failed to satisfy its burden under 5 C.F.R. § 1201.183 to introduce evidence that it has complied with its obligations under the settlement agreement. In particular, Hansson argues that the Navy failed to introduce evidence that it has expunged all records of his removal and related disciplinary actions from all of his personnel files.
 
 
 6
 The Navy's response to Hansson's petition for enforcement was quite brief. With respect to the claim that the agency had failed to expunge the record of removal or disciplinary action from all of Hansson's personnel files, the agency's response was as follows:
 
 
 7
 [R]eferences to the Appellant's removal have been expunged from his Official Personnel File (OPF) and the reason for his resignation is described as personal (medically related). The Appellant's continuing litigation has certainly made it necessary to maintain some records of this entire matter outside of the OPF. The Agency has complied with the provisions of paragraph 7.a. of the settlement agreement.
 
 
 8
 The agency did not submit any evidence to support the assertions in its response. At the time that response was filed, it appears that Hansson had not been able to obtain a copy of his Official Personnel File or other personnel files, although the agency asserts that it later forwarded a copy of his Official Personnel File to him.
 
 
 9
 Under the circumstances of this case, we conclude that the agency's response was insufficient to satisfy its obligations under the governing MSPB regulation. In Perry v. Department of Army, 992 F.2d 1575, 1578 (Fed.Cir.1993), this court noted that the regulation, 5 C.F.R. § 1201.183, "places a heavy burden of production on the agency" that is charged with violating a settlement agreement when that agency "is wholly possessed of the evidence." The court concluded that in such cases the agency has a "duty [to] produc[e] all of the evidence that it has to show" its compliance. Id. While it may not be necessary in every case for an agency to produce all of an employee's personnel files in order to satisfy its obligations under the regulation, the agency in this case did not satisfy its burden of production, for several reasons.
 
 
 10
 First, the agency's response referred only to the expungement of references to Hansson's removal from his Official Personnel File; the settlement agreement, on the other hand, specifically referred not only to the Official Personnel File, but also to "all personnel files." While the agency asserted, and the Administrative Judge accepted, that the agency had to maintain some records of Hansson's removal in order to respond to his litigation activities, the agency response leaves unresolved whether there are references to his removal that have not been expunged from some personnel files that are not needed for litigation purposes. Second, the agency response makes no mention of the expungement of records of disciplinary actions against Hansson that preceded his removal, even though the settlement agreement refers not only to records of his removal, but to records of "disciplinary action" as well. Third, the agency's response does not allege that the Official Personnel File reflects that Hansson "resigned for medical reasons on the advice of his physician," even though that is the language used in the settlement agreement. It may be that a reason for resignation that is described as "personal (medically related)" is the equivalent, in the setting of personnel files, of the terminology that was agreed upon in the settlement agreement, but the agency response says nothing about the discrepancy. Finally, the agency's conclusory assertion that it "has complied with the provisions of paragraph 7.a. of the settlement agreement" does not constitute proof of compliance within the meaning of 5 C.F.R. § 1201.183.
 
 
 11
 It may be that, upon examination, the agency will be found to be in compliance with paragraph 7.a. of the settlement agreement. On the record in this case, however, the response submitted by the agency in the proceedings before the Administrative Judge does not satisfy the agency's burden of production under the regulations. We therefore remand this case to the Board for further proceedings. Under the circumstances, the Board may find it useful to review Hansson's personnel files to determine conclusively whether the files have been expunged in a manner consistent with the settlement agreement. In any event, it is incumbent upon the agency, in response to Hansson's petition for enforcement, to make an adequate evidentiary showing, which it has not done thus far.
 
 
 12
 No costs.